

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

January 27, 2012

**BY FEDERAL EXPRESS AND ECF**

Michael Rosen, Esq.
c/o James Frocaro, Esq.
20 Vanderventer Ave. - Suite 103W
Port Washington, NY 11050

    Re:  United States v. Admir Kacamakovic
          Criminal Docket No. 11-802 (WFK)

Dear Mr. Rosen:

    Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the Government furnishes the following discovery material with respect to the above-referenced case.  The government also requests reciprocal discovery.

The Government's Discovery

    1.    Statements of the Defendant

    Upon his arrest, defendant was read his Miranda rights and declined to waive those rights.

    During transportation upon his arrest, the car in which the defendant was traveling was involved in an accident and the defendant complained of back pains but declined medical treatment.  Nonetheless, he was taken to Long Island Hospital, at the request of the U.S. Marshals Service, prior to arraignment.  While at the hospital, the defendant stated to an FBI agent that he had in recent days "learned not to do anyone any favors."  A report detailing these statements is enclosed.  Bates stamped H000000001 - 0002.

    2.    The Defendant's Criminal History

    The defendant has no prior criminal history.

3. <u>Documents and Tangible Objects</u>

Please find enclosed seven discs, numbered 321, 394, 395, 396, 443, 444 and 463, containing recordings of conversations between undercover federal agents and a co-conspirator of the defendant in the crime charged in Count Three of the above-referenced indictment.

Also enclosed are the following documents

| Document Description | Bates range |
| --- | --- |
| Copy March 9, 2009, 62nd Pct. Roll Call | A000000001 - 0006 |
| Copy March 18, 2009, 62nd Pct. Roll Call | B000000001 - 0006 |
| Copy March 24, 2009, 62nd Pct. Roll Call | C000000001 - 0006 |
| Printout March 9, 2009, Unauthorized Computer Access | D000000001 |
| Printout March 18, 2009, Unauthorized Computer Access | E000000001 |
| Printout March 23, 2009, Unauthorized Computer Access | F000000001 |
| Copy Phone records | G000000001 - 0067 |

4. <u>Reports of Examinations and Tests</u>

The government will provide copies of any examinations and tests conducted in this case.

5. <u>Expert Testimony</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(E) by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with a summary of that expert's opinion.

6.  Brady Material

The government is aware of and will comply with its obligation to produce exculpatory material or information within the scope of Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.

Before trial, the government will furnish information or material regarding payment, promises, immunity, leniency or preferential treatment, if any, given to prospective government witnesses within the scope of Giglio v. United States, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959). The government will furnish before trial information or material regarding any prior convictions of any co-conspirator, accomplice or informant who may be testifying at trial for the government.

The government will also furnish before trial materials discoverable pursuant to Title 18, United States Code, Section 3500.

7.  Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

The Defendant's Required Disclosure:

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments, including fingerprint analyses, made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial or which were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, we request that you have copies of these statements available for production to the government no

3

later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

If you have any questions or further requests, please do not hesitate to contact me.

                      Very truly yours,

                      LORETTA E. LYNCH
                      UNITED STATES ATTORNEY

By: _____
     Michael H. Warren
     Assistant U.S. Attorney
     (718)254-6355

Enclosures
cc: Clerk of the Court (WFK) (w/o enclosures)

4